IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

UNITED STATES OF AMERICA                           PLAINTIFF

V.                                  No. 2:05CV00024

SHELDON WILLIAMS, JR.
DOROTHY W. WILLIAMS, HIS
WIFE, HELENA HOSPITAL
ASSOCIATION, DR. MARK ROBIRDS,
COX BROTHERS                                       DEFENDANTS

## JUDGMENT

Pursuant to the Court's Order granting the plaintiff's Motion for Summary Judgment, it is hereby ORDERED, DECREED AND ADJUDGED:

1. The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.  An Answer for defendant, Cox Brothers was filed March 8, 2005.  An Answer for defendant Sheldon Williams was filed  April 14, 2005.  An Answer for defendant Dorothy W. Williams was filed May 23, 2005.

2. Defendants, Sheldon Williams and Dorothy W. Williams, are in default on their obligation to plaintiff and are indebted to the United States of America, Farm Service Agency, U. S. Department of Agriculture, in the principal sum of 172,134.19, interest in the sum of $407,164.23 accrued through January 14, 2005, and to date of this judgment at the daily rate of $51.08, and thereafter at the statutory rate pursuant to 28 U.S.C. Section 1961,  plus any additional advances and recoverable charges made during the pendency of this action for taxes, protection and maintenance of the subject property, and the costs of this action.

3. The above-described indebtedness due and owing to the United States of America, U.S. Department of Agriculture, Farm Service Agency, is secured by two mortgages recorded in

the records of the Circuit Clerk and Recorder for Phillips County, Arkansas, as follows:

5/25/79, Book 572, Page 118, and also 5/19/82, Book 600, Page 258.  Plaintiff's mortgage

constitutes a first lien, which is paramount and superior to all right, title, claim, interest, estate,

equity or statutory right of redemption, dower, curtesy and homestead of all of the defendants,

and each of them, and all persons claiming by or through them, in and to the following described

property in Phillips County, Arkansas:

> North Half (N1/2) of the Southeast Quarter (SE1/4) of the Southeast Quarter
> (SE1/4) of Section Seventeen (17);
>
> Southwest Quarter (SW1/4) of the Southeast Quarter (SE1/4) of Section
> Seventeen (17);
>
> North Half (N1/2) of the Northwest Quarter (NW1/4) of the Northeast Quarter
> (NE1/4) of Section Twenty (20);
>
> North Half (N1/2) of the Northwest Quarter (NW1/4) of the Northwest Quarter
> (NW1/4) of Section Twenty-one (21);
>
> All in Township One (1) South, Range One (1) East, Phillips County, Arkansas.

together with all improvements and appurtenances thereon.  Defendant Cox Brothers have the

right to remove any crops planted before the date of this Judgment.

4.  If the above-described indebtedness due plaintiff United States of America is not paid

within 10 days from this date, the United States Marshal is directed to sell the above-described

property at public auction to the highest bidder for cash, or on a credit of 60 days, at the West

front door of the Phillips County Courthouse, Helena, Arkansas.  The date and time of such sale

shall be fixed by the Marshal.  If purchased on credit, payment of the purchase price shall be

secured by one of the following methods, at the purchaser's option:  furnish a corporate surety

bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment.

The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U. S. Marshal.  The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the property.  In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale.  A lien against the property shall be retained to further secure payment of the purchase money.  The property shall be sold subject to any unpaid property taxes.  If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. §2002, and shall forthwith report the result of the sale to the Court.  The sale shall be made subject to the right of Cox Brothers to remove any crops planted before the date of this Judgment.

    5.  Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all of the defendants herein, and each of them, and all persons claiming by or through them, in and to said property and every part thereof shall from that date be foreclosed and forever barred.

    6.  The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

7.  The sale proceeds, after expenses of sale, shall be paid to the plaintiff United States of America to the extent of the indebtedness owed to the United States of America, U.S. Department of Agriculture, Farm Service Agency.  Any surplus shall be retained by the U. S. Marshal subject to further orders of the Court.

8.  The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED this 18th  day of  November, 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE